## MARCEL ST. GERMAIN, SR. *v.* ROBERT ST. GERMAIN
### (AC 33126)

DiPentima, C. J., and Gruendel and West, Js.

Submitted on briefs February 1—officially released May 8, 2012

*Eddi Z. Zyko* filed a brief for the appellant (defendant).

*William J. Ward* filed a brief for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, Robert St. Germain, appeals from the judgment of the trial court rendered in favor of the plaintiff, Marcel St. Germain, Sr., for breach of contract arising from the sale of certain real property and on the defendant's counterclaim. On appeal, the defendant claims that the court improperly (1) found that a contract existed between the parties, (2) found that equitable estoppel barred his statute of frauds defense and (3) rejected his special defenses and counterclaim. We disagree and, accordingly, affirm the judgment of the trial court.

The following uncontested evidence was presented at trial. The parties are brothers. In 1988, the plaintiff, the defendant and their other brother, Paul St. Germain, purchased the subject real property located at 1048 West Main Street in Waterbury, from their mother. Two years later, Paul St. Germain transferred his interest in the property to the defendant and the plaintiff. After

Paul St. Germain's transfer of his interest in the property, the defendant was the only party who used the property. On one part of the property, the defendant operated a chair company, while another part was rented out.

In finding in favor of the plaintiff on his breach of contract claim, the court found the following facts. At some point in 1999, the parties entered into an oral agreement whereby the plaintiff agreed to transfer his interest in the property by quitclaim deed to the defendant, and the defendant agreed to pay the consideration set forth in the deed when the plaintiff retired. On November 12, 1999, the plaintiff signed, and the defendant accepted, a quitclaim deed conveying the plaintiff's interest in the property for $29,243.47, which the plaintiff did not receive at that time. The plaintiff retired in February, 2005, and requested the $29,243.47 payment from the defendant pursuant to their oral agreement and as set forth in the quitclaim deed. The defendant did not make the requested payment to the plaintiff.[1] A physical altercation took place between the parties on May 10, 2007, when the plaintiff went to the defendant's home to collect the money.

On October 9, 2007, the plaintiff filed this action, seeking monetary damages for breach of contract. The defendant filed a reply asserting eight special defenses and an eight count counterclaim.[2] The plaintiff filed

---

[1] In August, 2005, the defendant sent the plaintiff a note acknowledging his obligation to the plaintiff pursuant to their oral agreement with an enclosed check for $1000. The defendant stated in the note that the next payment would be sent in January, 2006, and every six months thereafter and that if the defendant was financially able, he would send more money to the plaintiff. Although the defendant at trial testified that the $1000 check was a gift, the court found this testimony to be not credible. At the defendant's deposition, he had stated that the $1000 check to the plaintiff was to go toward payment for the property.

[2] The defendant asserted the following special defenses: (1) unclean hands, (2) insufficiency of the complaint, (3) estoppel, (4) waiver, (5) the statute of limitations, (6) setoff, (7) accord and satisfaction and (8) payment in full. The defendant also asserted an eight count counterclaim alleging: (1) unclean

an answer to the defendant's counterclaim denying all allegations. Following a trial to the court, the court concluded that the doctrine of equitable estoppel barred the defendant from asserting his statute of frauds defense because allowing the defendant to assert that defense "would be tantamount to the defendant perpetrating a fraud on the plaintiff." In reaching that conclusion, the court found that all of the elements of part performance of the contract were present. On the plaintiff's claim of breach of contract, the court rendered judgment in favor of the plaintiff in the amount of $29,243.47. The court rejected the defendant's counterclaim, finding that the plaintiff's conduct during the parties' May 10, 2007 physical altercation did not constitute assault and battery, negligence per se or recklessness. On the same basis, the court rejected the defendant's special defense that the plaintiff had unclean hands.[3] This appeal followed.

On appeal, the defendant claims that the court improperly (1) found that a contract existed between the parties, (2) found that equitable estoppel barred his statute of frauds defense and (3) rejected his special defenses of unclean hands and setoff, as well as his

hands, (2) negligence, (3) negligence per se, (4) recklessness, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and (8) assault and battery. Shortly before the trial commenced, the defendant withdrew his special defenses of insufficiency of the complaint, estoppel, waiver, the statute of limitations, accord and satisfaction and payment in full. The defendant also withdrew the counts of his counterclaim alleging negligence, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of CUTPA.

We note that in the first count of his counterclaim, the defendant incorporated his first special defense that the plaintiff's hands were unclean. Unclean hands is a special defense, not an independent claim. See *Kosinski* v. *Carr*, 112 Conn. App. 203, 209 n.6, 962 A.2d 836 (2009). The defendant withdrew this count prior to the commencement of the trial.

[3] On the basis of the court's rejection of the defendant's counterclaim, it consequently found that the defendant was not entitled to any setoff against the judgment rendered in favor of the plaintiff.

counterclaim alleging assault and battery, negligence per se, and recklessness. Additional facts will be set forth as necessary.

We now set forth the applicable standard of review. "An appellate court's review of a trial court decision is circumscribed by the appropriate standard of review. As we have often stated: The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Brennan Associates* v. *OBGYN Specialty Group, P.C.*, 127 Conn. App. 746, 753, 15 A.3d 1094, cert. denied, 301 Conn. 917, 21 A.3d 463 (2011).

I

First, the defendant argues that there was no contract in existence between him and the plaintiff. "The existence of a contract is a question of fact to be determined by the trier on the basis of all of the evidence." (Internal quotation marks omitted.) *Harley* v. *Indian Spring Land Co.*, 123 Conn. App. 800, 813, 3 A.3d 992 (2010). "In order for an enforceable contract to exist, the court must find that the parties' minds had truly met. . . . If there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by them and the court will not make for them a contract which they themselves did not make. . . . [A]n agreement must be definite and certain as to its terms and requirements." (Internal quotation marks omitted.)

*Tsionis* v. *Martens*, 116 Conn. App. 568, 577, 976 A.2d 53 (2009).

The record before us reveals that the court did not expressly find that a contract existed between the parties. Because, however, the court found in favor of the plaintiff on his breach of contract claim and the elements of a breach of contract action include the formation of an agreement, the court must have found that a contract existed. See *Harley* v. *Indian Spring Land Co.*, supra, 123 Conn. App. 813 n.12. Although the court, in its memorandum of decision, thoroughly discussed the evidence presented at trial which would support a finding that a contract existed, it did not set forth the basis of its finding. We conclude that the court's implicit finding that a contract existed between the parties was not clearly erroneous because it was supported by the evidence presented at trial.

II

Next, the defendant claims that the court improperly applied the doctrine of equitable estoppel in barring the defendant from asserting a statute of frauds defense. We disagree.

Whether a party has met his burden of proving equitable estoppel is a question of fact. *Celentano* v. *Oaks Condominium Assn.*, 265 Conn. 579, 614, 830 A.2d 164 (2003). "Equitable estoppel is a doctrine that operates in many contexts to bar a party from asserting a right that it otherwise would have but for its own conduct. . . . In its general application, we have recognized that [t]here are two essential elements to an estoppel—the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he

otherwise would not have done. . . . This court previously has applied the doctrine of equitable estoppel to bar a party from asserting the statute of frauds as a defense so as to prevent the use of the statute itself from accomplishing a fraud." (Citations omitted; internal quotation marks omitted.) *Glazer* v. *Dress Barn, Inc.*, 274 Conn. 33, 60, 873 A.2d 929 (2005).

Here, the court rejected the defendant's statute of frauds defense on the basis of equitable estoppel because it found part performance by the defendant. "[T]he elements required for part performance are: (1) statements, acts or omissions that lead a party to act to his detriment in reliance on the contract; (2) knowledge or assent to the party's actions in reliance on the contract; and (3) acts that unmistakably point to the contract. . . . Under this test, two separate but related criteria are met that warrant precluding a party from asserting the statute of frauds. . . . First, part performance satisfies the evidentiary function of the statute of frauds by providing proof of the contract itself. . . . Second, the inducement of reliance on the oral agreement implicates the equitable principle underlying estoppel because repudiation of the contract by the other party would amount to the perpetration of a fraud."[4] (Citations omitted; internal quotation marks omitted.) Id., 62–63.

Here, the court found all of the elements of equitable estoppel. The court found that "the plaintiff has demonstrated not only his reliance on the quitclaim deed and

[4] "In the context of the statute of frauds . . . [our courts] sometimes have referred to the application of estoppel as the doctrine of part performance." (Internal quotation marks omitted.) *Glazer* v. *Dress Barn, Inc.*, supra, 274 Conn. 62. Our Supreme Court has stated: "[A]lthough this court on occasion has used the terms interchangeably, we never have intended that the doctrine of equitable estoppel and the doctrine of part performance operate as independent exceptions to the statute of frauds. . . . Rather, part performance is an essential element of the estoppel exception to the statute of frauds." (Citations omitted.) Id., 63.

the terms contained therein, but part performance in executing and delivering the quitclaim deed prepared by the defendant's attorney." In summary fashion, the defendant argues that the court ignored "long-standing equity jurisprudence" by incorrectly applying the doctrine of equitable estoppel. On the basis of our review of the record, we cannot conclude that the court improperly applied the doctrine.

## III

Finally, the defendant claims that the court improperly rejected the counts of his counterclaim alleging assault and battery, negligence per se and recklessness and his special defenses of unclean hands and setoff. The defendant's counterclaim and special defenses are based on the May 10, 2007 physical altercation that occurred between the parties. Both parties testified as to the details of the encounter. The court credited the plaintiff's account. In its memorandum of decision, the court stated that "[t]he credible testimony of the plaintiff was that when the plaintiff approached the defendant about paying the amount due to him in the quitclaim deed, the defendant got in his face and told him he was not going to do anything about compensating the plaintiff for his conveyed interest in the [property] . . . [the plaintiff] pushed the defendant away from him and the defendant got back in his face again. . . . [E]ach time he pushed [the defendant] away after that, the defendant got right back into his face." The court stated in its memorandum of decision that it did not credit the defendant's testimony regarding the physical altercation. The defendant's appellate brief purports to challenge the court's legal determinations with regard to his counterclaim and special defenses, however, the defendant essentially is challenging the court's credibility determination regarding the parties' accounts of the physical altercation. The defendant has not given us any reason to depart from the general rule

that this court will not revisit credibility determinations. See *Sapper* v. *Sapper*, 109 Conn. App. 99, 108–109, 951 A.2d 5 (2008). In light of the court's findings of credibility, we cannot conclude that the court's factual findings regarding the parties' physical altercation were clearly erroneous. On the basis of our review of the record, we conclude that the court properly rejected the defendant's counterclaim and special defenses.

The judgment is affirmed.

In this opinion the other judges concurred.